## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

    CHRISTOPHER D. WYMAN,

              Debtor.

Case No. 14-13047

Hon. Denise Page Hood

_____

    MICHAEL A. MASON, Trustee,

           Plaintiff,

    v.

    MICHELLE PICHLER,

           Defendant.

(Bankruptcy Case No. 12-32264)

(Adv. Proc. No. 12-03348)

_____/

## ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE
### and
### SETTING SCHEDULE

## I.      BACKGROUND

This matter is before the Court on Movant/Bankruptcy Trustee Michael A.
Mason's Motion to Withdraw the Reference the Adversary Proceeding Case No. 12-
03348 (Bankruptcy Case No. 12-32264) before the Bankruptcy Court filed August 6,
2014.  The Trustee also seeks to dismiss a defective notice of appeal and to dissolve
an invalid ex parte stay pending the appeal, or in the alternative for security and
supercedeas bond on appeal.  Defendant Michelle Pichler filed a response and a

hearing held on the matter.

An Adversary Proceeding before the Bankruptcy Court was filed on September 20, 2012 with a five-count complaint by the Trustee against Defendants Michelle Pichler and Edward Linck seeking recovery of preferential transfers under 11 U.S.C. § 547, fraudulent transfer under 11 U.S.C. § 544, and for damages under the Michigan Uniform Fraudulent Transfer Act.   The Bankruptcy Court entered an order determining that Counts I and IV of the complaint were core proceedings, while Counts II, III and V were non-core proceedings requiring entry of Judgment by the District Court.  (Bankr. DE 123)

On Jun 25, 2014, the Bankruptcy Court entered a Consent Judgment against Defendant Linck in favor of the Trustee.  (Bankr. DE 206, 207) The Debtor Wyman, according to the Trustee, has removed and concealed the machinery, equipment and vehicles to prevent the Trustee from taking possession of the property pursuant to the Consent Judgment.

On July 15, 2014, the Bankruptcy Court entered a Default Judgment against Defendant Pichler declaring title to certain real property commonly known as 1011 Jones Rd., Howell, MI and ordering the Trustee to take immediate possession of the property.  (Bankr. DE 227) The Default Judgment states that it did not resolve all claims in the matter and that proposed findings of fact and conclusions of law were

to be submitted for entry of Judgment by the District Court as to Counts II, III and V. The Trustee claims no timely motion for reconsideration of the Default Judgment was filed before the Bankruptcy Court, but that Defendant Pichler instead filed a Notice of Appeal of Judgment on July 28, 2014.[1]  (Bankr. DE 229, 230) The Trustee argues that the Notice of Appeal is invalid since the Default Judgment is not appealable.

The Trustee demanded immediate possession of the Jones Rd. property as ordered in the Default Judgment, but both Defendant Pichler and Debtor Wyman refused to turn over the property.  The Jones Rd. property is titled in the name of Defendant Pichler, but Debtor Wyman has been the sole occupant since 2010.  The Trustee claims no taxes have been paid and no insurance exists on the property.  The Trustee further claims that the property has depreciated in value by at least $100,000 and that the property is in violation of local health codes and standards.

On July 30, 2014, the Trustee evicted Debtor Wyman from the property. Defendant Pichler moved, ex parte and without notice to the Trustee, for a stay pending appeal, which the Bankruptcy Court granted.  (Bankr. DE, 237, 238) The Trustee argues that the order staying the order is not appropriate since at that time,

---

[1] The appeal by Defendant Pichler was entered on the District Court's docket on September 5, 2014.  (*In re Wyman,* Case No. 14-13451)  The Court has issued an Order to Show Cause Why the Case Should Not Be Dismissed for Failure to Prosecute (Doc. No. 3) since no appellate briefs have been filed pursuant to Bankr. Rule 8009 which requires an appellant's brief to be filed within 14 days after entry of the appeal on the docket.  Bankr. Rule 8009(a)(1).

there was no valid appeal pending and because Defendant Pichler, as nominee of Debtor Wyman, had no standing to seek a stay of possession. Defendant Pichler convinced the local court officer that securing the property by locking the doors would violate the stay. The Trustee filed a motion to set aside the stay order (Bankr. DE 296), which was denied by the Bankruptcy Court in an Order dated September 25, 2014. (Bankr. DE 301)

## II.    WITHDRAWAL OF REFERENCE

The Bankruptcy Rules provide that a motion for withdrawal of a case shall be heard by a district judge. Bankr.R. 5011(a). Motions for withdrawal must be filed pursuant to Rule 5005(a). The withdrawal statute, 28 U.S.C. § 157(d), provides discretionary and mandatory withdrawal of cases or proceedings referred to the bankruptcy court as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The burden of withdrawal is on the movant. *In re Anderson,* 395 B.R. 7, 9 (E.D. Mich. 2008). Local Rule 83.50 provides:

**(a)  Matters Referred to the Bankruptcy Judges**

4

> (1) Unless withdrawn by a district judge, all cases under
> Title 11 of the United States Code and any or all
> proceedings arising under Title 11 or arising in or related to
> case under Title 11 are referred to bankruptcy judges.  The
> court intends to give bankruptcy judges the broadest
> possible authority to administer cases and proceedings
> properly within their jurisdiction.

E.D. Mich. LR 83.50(a)(1).  Based on the referral, this district court has referred "all

cases under Title 11 ... and any or all proceedings arising under Title 11" to the

bankruptcy court.  The term "proceeding" is generally referred to in connection with

the terms "core" and "non-core" proceedings before the bankruptcy court.  The term

"core proceeding" has been noted as "the restructuring of debtor-creditor relations, the

core of the federal bankruptcy power," which is distinguished from the adjudication

of state-created private rights, which are "non-core" proceedings.  *See In re Depew,*

51 B.R. 1010, 1013 (Bkrtcy. Tenn. 1985).  The term "arising under" has a well

defined and broad meaning which gives bankruptcy courts jurisdiction to hear any

matter under which a "claim" is made under a provision of title 11, such as a claim of

exemptions.  *Id.*  Congress has provided a non-exhaustive list of "core" matters in §

157(b)(2), including: 1) matters concerning the administration of the estate; 2)

counterclaims by the estate against persons filing claims against the estate; 3)

proceedings to determine, avoid, or recover preferences and fraudulent conveyances;

4) orders to turn over property of the estate; and 5) confirmation of plans.  28 U.S.C.

5

§ 157(b)(2).  A bankruptcy court may hear and determine a core proceeding, unless a party demands a jury trial.  28 U.S.C. § 157(b)(1) and 28 U.S.C. § 157(e).  Absent consent of the parties, the bankruptcy judges will conduct hearings and file proposed findings of fact and conclusions of law on non-core proceedings.  E.D. Mich. LR 83.50(a)(3).

The Bankruptcy Court below determined that Counts II, III and V of the Complaint in the Adversary Proceeding are non-core proceedings and that a Report and Recommendation by the Bankruptcy Court would be issued to the District Court.  (Bankr. DE 122, 123) In its July 15, 2014 Default Judgment, the Bankruptcy Court entered Judgment against Defendant Pichler as to Counts I and IV of the Complaint and ordered that a Proposed Findings of Fact and Conclusions of Law shall be submitted for submission to the District Court.  (Bankr. DE 227) The Bankruptcy Court noted that Count III was resolved by a Consent Judgment entered previously.  (Bankr. DE 227).  The Trustee filed a Proposed Findings of Fact and Conclusions of Law (Bankr. DE 228) before the Bankruptcy Court, but the Court has yet to receive a Report and Recommendation by the Bankruptcy Court.  At oral argument counsel for the Trustee indicated that the Report and Recommendation had not issued because of the filing of an appeal.

The remaining non-core issues are set forth in Count II of the Complaint for

Fraudulent Transfer in violation of 11 U.S.C. § 544(b) and M.C.L. § 566.34 and Count V for consequential damages as to Count II. Based on the Bankruptcy Court's order, it appears that these two related claims are non-core proceedings which will be withdrawn by the Court. The Court grants the Trustee's Motion to Withdraw the Reference. The Court directs the Bankruptcy Court to issue its Report and Recommendation within 30 days from the entry of this Order.

### III.   OTHER RELIEF SOUGHT BY TRUSTEE

The Trustee also seeks to dismiss the Notice of Appeal filed by Defendant Pichler and to dissolve the stay pending appeal. However, these two issues are not properly before the Court on the Trustee's Motion to Withdraw the Reference. These two issues are related to Defendant Pichler's Notice of Appeal, which is filed in Case No. 14-13451. As noted in the footnote 1, the Court has issued an Order to Show Cause Why the Case Should Not be Dismissed for Lack of Prosecution. The appellant Defendant Pichler failed to file an appellant's brief in accordance with Bankr. Rule 8009 within 14 days from the entry of the appeal, which was entered on the District Court docket on September 5, 2014. Defendant Pichler did not seek an extension to file the appellant's brief.

In any event, if Defendant Pichler seeks to extend the time for filing the appellant's brief, Defendant may so move and the Trustee may file the appropriate

motion to dismiss the appeal and/or to dissolve the ex parte stay pending the appeal.

These motions should be filed in the appeal Case No. 14-13451.

## IV.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Trustee's Motion to Withdraw the Reference **(Doc. No. 1)** is **GRANTED** and the Reference is WITHDRAWN as to the remaining claims in the Complaint, Count II for Fraudulent Transfer in violation of 11 U.S.C. § 544(b) and M.C.L. § 566.34 and Count V for consequential damages as to Count II.

IT IS FURTHER ORDERED that the Emergency Motion to Expedite Hearing **(Doc. No. 3)** is MOOT.

IT IS FURTHER ORDERED that the following schedule governs this matter:

The Bankruptcy Court's Report and Recommendation is to be filed by **November 18, 2014.**  Defendant Pichler may file Objections to the Report and Recommendation by **December 5, 2014.**  The Trustee may file a Response to the Objections by **December 19, 2014.**  An order and judgment will then be issued by this Court.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  October 15, 2014

I hereby certify that a copy of the foregoing document was served upon counsel

8

of record on October 15, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager