UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN,

    Debtor.

_____

MICHAEL A. MASON, Trustee,

    Plaintiff,

v.

MICHELLE PICHLER,

    Defendant.

_____/

Case No. 14-13047
Hon. Denise Page Hood

(Bankruptcy Case No. 12-32264)
(Adv. Proc. No. 12-03348)

## ORDER REGARDING BANKRUPTCY JUDGE'S REPORT AND RECOMMENDATION

**I.   BACKGROUND**

On October 15, 2014, the Court entered an Order Granting the Bankruptcy Trustee Michael A. Mason's Motion to Withdraw the Reference of the Adversary Proceeding Case No. 12-03348 (Bankruptcy Case No. 12-32264). (Order, Doc. No. 6) This matter is now before the Court on the Bankruptcy Court's Report and Recommendation as set forth in this Court's October 15, 2014 Order. E.D. Mich. LR 83.50(a)(3).

An Adversary Proceeding before the Bankruptcy Court was filed on September

20, 2012 with a five-count complaint by the Trustee against Defendants Michelle Pichler and Edward Linck seeking recovery of preferential transfers under 11 U.S.C. § 547, fraudulent transfer under 11 U.S.C. § 544, and for damages under the Michigan Uniform Fraudulent Transfer Act. The Bankruptcy Court entered an order determining that Counts I and IV of the complaint were core proceedings, while Counts II, III and V were non-core proceedings requiring entry of Judgment by the District Court. (Bankr. DE 123)

On Jun 25, 2014, the Bankruptcy Court entered a Consent Judgment against Defendant Linck in favor of the Trustee. (Bankr. DE 206, 207) The Debtor Wyman, according to the Trustee, has removed and concealed the machinery, equipment and vehicles to prevent the Trustee from taking possession of the property pursuant to the Consent Judgment.

On July 15, 2014, the Bankruptcy Court entered a Default Judgment against Defendant Pichler declaring title to certain real property commonly known as 1011 Jones Rd., Howell, MI and ordering the Trustee to take immediate possession of the property. (Bankr. DE 227) The Default Judgment states that it did not resolve all claims in the matter and that proposed findings of fact and conclusions of law were to be submitted for entry of Judgment by the District Court as to Counts II, III and V. The Trustee claims no timely motion for reconsideration of the Default Judgment was

filed before the Bankruptcy Court, but that Defendant Pichler instead filed a Notice of Appeal of Judgment on July 28, 2014.[1] (Bankr. DE 229, 230) The Trustee argues that the Notice of Appeal is invalid since the Default Judgment is not appealable.

The Trustee demanded immediate possession of the Jones Rd. property as ordered in the Default Judgment, but both Defendant Pichler and Debtor Wyman refused to turn over the property. The Jones Rd. property is titled in the name of Defendant Pichler, but Debtor Wyman has been the sole occupant since 2010. The Trustee claims no taxes have been paid and no insurance exists on the property. The Trustee further claims that the property has depreciated in value by at least $100,000 and that the property is in violation of local health codes and standards.

On July 30, 2014, the Trustee evicted Debtor Wyman from the property. Defendant Pichler moved, ex parte and without notice to the Trustee, for a stay pending appeal, which the Bankruptcy Court granted. (Bankr. DE, 237, 238) The Trustee argues that the order staying the appeal is not appropriate since at that time, there was no valid appeal pending and because Defendant Pichler, as nominee of Debtor Wyman, had no standing to seek a stay of possession. Defendant Pichler convinced the local court officer that securing the property by locking the doors would

---

[1] The appeal by Defendant Pichler was entered on the District Court's docket on September 5, 2014. (*In re Wyman,* Case No. 14-13451)

violate the stay. The Trustee filed a motion to set aside the stay order (Bankr. DE 296), which was denied by the Bankruptcy Court in an Order dated September 25, 2014. (Bankr. DE 301)

## II.     REPORT AND RECOMMENDATION

The Bankruptcy Court below determined that Counts II, III and V of the Complaint in the Adversary Proceeding are non-core proceedings and that a Report and Recommendation by the Bankruptcy Court would be issued to the District Court. (Bankr. DE 122, 123) The Bankruptcy Court noted that Count III was resolved by a Consent Judgment entered previously. (Bankr. DE 227).

In its July 15, 2014 Default Judgment, the Bankruptcy Court entered Judgment against Defendant Pichler as to Counts I and IV of the Complaint and ordered that a Proposed Findings of Fact and Conclusions of Law as to the remaining non-core proceedings in Counts II and V shall be submitted for decision to the District Court. (Bankr. DE 227) The remaining non-core issues are set forth in Count II of the Complaint for Fraudulent Transfer in violation of 11 U.S.C. § 544(b) and M.C.L. § 566.34 and Count V for consequential damages as to Count II.

The Bankruptcy Court has now issued its Report and Recommendation. "When a bankruptcy judge submits proposed findings of fact and conclusions of law in non-core proceedings, the district court, before entering a final order of judgment, must

4

consider the proposed findings and conclusions and review de novo those matters to which any party has timely and specifically objected." *In re Auto Specialties Mfg. Co.,* 153 B.R. 503, 505 (W.D. Mich. 1993); 28 U.S.C. § 157(c); Fed. R. Bankr. P. 9033(d).

Before addressing the remaining non-core issues withdrawn by this Court, the Bankruptcy Court expressed "serious concern as to whether the entry of the July 15, 2014, Default Judgment was appropriate" as to the core proceedings issues in Counts I and IV. (R&R, Doc. No. 14, Pg ID 578) The Bankruptcy Court noted that further investigation and presentation of proofs are required to determine whether Defendant Pichler was in fact in default of the Bankruptcy Court's Order and that further inquiry and investigation is required as to why the order attached to the notice of presentment was not submitted to the Bankruptcy Court for its signature. (R&R, Doc. No. 14, Pg ID 579)

The Court first notes that the subject of the Default Judgment related to Counts I and IV, which are core proceedings properly before the Bankruptcy Court. In light of the Bankruptcy Court's now "serious concern" as to its entry of the Default Judgment, the Bankruptcy Court may address those issues as it deems fit under the appropriate law, since the Default Judgment is not before this Court in ***this*** action. This action involves the withdrawn non-core proceedings alleged in Counts II and V.

5

Although the Bankruptcy Court issued its Report and Recommendation as to the withdrawn Counts II and V, the Report presumes that the Default remains in place and the Default Judgment returned the real property to the Trustee. (R&R, Doc. No. 14, Pg ID 579) The Bankruptcy Court noted that although certain claims were alleged in Plaintiffs' Complaint, the Final Pretrial Order omitted any reference to certain accounts and transfers as a basis for recovery. (R&R, Doc. No. 14, Pg ID 586) The Bankruptcy Judge further noted that "this omission could be determinative," but went on to recommend that Plaintiff had proven a cause of action against Defendant Pichler. (R&R, Doc. No. 14, Pg ID 586) The Bankruptcy Court recommended that Plaintiff be allowed 21 days to amend their Complaint and that Defendant be allowed 21 days to respond, with a referral back to conduct necessary pretrial procedures and a report and recommendation to follow. (R&R, Doc. No. 14, Pg ID 587)

  Based on the Bankruptcy Court's R&R, as to the non-core proceedings before this Court, the Bankruptcy Court's recommendation is adopted that Plaintiff be allowed 21 days to amend their Complaint on the issues raised in the R&R only and that Defendant be allowed 21 days thereafter to file an amended Answer. The parties may then conduct limited discovery for an additional 60 days under the supervision of the Bankruptcy Court. A status report by the Bankruptcy Court may then be submitted by the Bankruptcy Court after the 60 days of limited discovery as to

whether discovery is complete (or if additional time is required) and a date as to when the R&R will be submitted to this Court. As noted above, the issue of the propriety of the entry of the Default and Default Judgment is not before this Court in this action. This Court will not consider the substance of the R&R in light of the Bankruptcy Court's "serious concern" over the entry of the Default and Default Judgment, which may affect the outcome of the non-core proceedings before this Court. The Court awaits an amended R&R in light of the limited discovery to be conducted by the parties as outlined by the Bankruptcy Court in its R&R.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation filed by the Bankruptcy Court **(Doc. No. 14)** is ADOPTED IN PART, as more fully set forth above.

IT IS FURTHER ORDERED that the Plaintiffs amend their Complaint as set forth in the Report and Recommendation, within 21 days from the entry of this Order, and Defendant shall have 21 days from service of the amended Complaint to file an amended Answer or response.

IT IS FURTHER ORDERED that the Bankruptcy Court issue a pretrial order with 60 days of limited discovery after an amended Answer is filed by Defendant. The Bankruptcy Court will then submit a status report to this Court regarding whether

discovery is complete or if more time is required, along with an anticipated date for the issuance of an amended Report and Recommendation.

      IT IS FURTHER ORDERED that the Objections filed by the parties (Doc. Nos. 12 and 15) are OVERRULED without prejudice pending issuance of an amended Report and Recommendation.

                      S/Denise Page Hood
                      Denise Page Hood
                      United States District Judge

Dated: August 3, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2015, by electronic and/or ordinary mail.

                      S/LaShawn R. Saulsberry
                      Case Manager