# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN,

      Debtor.

Case No. 14-13047
Hon. Denise Page Hood

_____

MICHAEL A. MASON, Trustee,

      Plaintiff,

v.

MICHELLE PICHLER,

      Defendant.

(Bankruptcy Case No. 12-32264)
(Adv. Proc. No. 12-03348)

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on a Motion for Reconsideration filed by Plaintiff Bankruptcy Trustee Michael A. Mason filed August 12, 2015. A response and reply have been filed.

On August 3, 2015, the Court entered an Order regarding the Bankruptcy Court's Report and Recommendation. The Court adopted the R&R in part, allowing the Bankruptcy Court to conduct limited discovery after the Trustee files an amended complaint. The Court also indicated its "serious concern" over the entries of the default and default judgment which this Court noted were not before it. The Court

noted that the default and default judgment may affect the outcome of the non-core proceedings before this Court. In light of all these issues raised in the Bankruptcy Court's R&R, the Court allowed the Bankruptcy Court to address these issues and to issue an amended R&R. The Court overruled the parties' objections without prejudice pending issuance of an amended R&R.

Although the Trustee argues that Local Rule 7.1(h)(1) is not the appropriate standard of review for the Court's reconsideration of its Order, the Court disagrees. The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have

2

brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The Trustee's Motion for Reconsideration seeks reconsideration of the Court's order allowing the Bankruptcy Court to address the issues raised in its R&R. The Trustee asserts the Bankruptcy Court cannot order the Trustee to file an amended complaint. The Trustee argued this Court did not consider the objections filed the R&R appropriately.

As noted by both parties, Rule 9033(d) of the Rules of Bankruptcy provides that,

> The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written 1objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

Bankr. R. 9033(d). The Trustee has failed to show that this Court's August 3, 2015 Order does not comply with Rule 9033(d). The rule clearly allows this Court to "recommit" the matter to the Bankruptcy Court. As to the objections, the Court overruled the objections without prejudice pending an amended R&R from the Bankruptcy Court. The Bankruptcy Court may also address any order it enters as it

relates to any refusal by the Trustee to submit an amended complaint as ordered by the Bankruptcy Court.  The Court denies the Trustee's Motion for Reconsideration.

Accordingly,

IT IS ORDERED that the Trustee's Motion for Reconsideration **(Doc. No. 17)** is DENIED.

S/Denise Page Hood
Chief Judge,  United States District Court

Dated:  March 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager