# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 12, 2016

Mr. Michael Edward Tindall
Law Offices
P.O. Box 46564
Mount Clemens, MI 48046

Mr. Kevin S. Toll
Law Office
350 N. Main Street
Unit 507
Royal Oak, MI 48067

       Re: Case No. 16-1532, *Michael Mason v. Michelle Pichler*
            Originating Case No. : 2:14-cv-13047

Dear Counsel:

  The Court issued the enclosed Order today in this case.

                        Sincerely yours,

                        s/Karen S. Fultz
                        Case Manager
                        Direct Dial No. 513-564-7036

cc: Mr. David J. Weaver

Enclosure

No mandate to issue

No. 16-1532

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: CHRISTOPHER D. WYMAN, | ) | |
| | ) | **FILED** |
| Debtor. | ) | Jul 12, 2016 |
| _____ | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| MICHAEL A. MASON, Trustee | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHELLE PICHLER, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Before: GUY and McKEAGUE, Circuit Judges; BERTELSMAN, District Judge.[*]

In this non-core bankruptcy adversary proceeding pending as an original matter before the district court, the Trustee appeals the August 3, 2015 order adopting in part a report and recommendation of the bankruptcy judge, allowing the bankruptcy judge to address additional issues and file an amended report and recommendation, and permitting the Trustee to file an amended complaint. The Trustee also appeals the March 28, 2016 order denying reconsideration of the August 3 order. The Trustee was directed to show cause why the appeal should not be dismissed for lack of jurisdiction. In response, the Trustee argues that the order is immediately

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

No. 16-1532
-2-

appealable on several grounds. Alternatively, the Trustee seeks the issuance of a writ of mandamus.

We lack jurisdiction to review these non-final rulings of the district court. *See* 28 U.S.C. § 1291. Although the Trustee argues to the contrary, we conclude that the district court's rulings may be effectively reviewed on appeal from the final judgment in this adversary proceeding. Thus, the orders are not appealable as collateral orders, and there is no other basis for appellate jurisdiction.

"Mandamus is a drastic remedy that should be invoked only in extraordinary cases where there is a clear and indisputable right to the relief sought." *United States v. Young*, 424 F.3d 499, 504 (6th Cir. 2005). To warrant relief in mandamus, the Trustee must show his right to the writ is "clear and indisputable." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 381 (2004) (quoting *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)). Mandamus is not intended to be a substitute for an appeal after final judgment, and relief in mandamus generally is not available where a party has other, adequate means to obtain the relief sought. *See In re Prof'ls Direct Ins. Co.*, 578 F.3d 432, 437 (6th Cir. 2009). Because the district court's orders may be reviewed following the entry of a final judgment, review in mandamus is not warranted.

The appeal is **DISMISSED** *sua sponte* for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk